FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 15, 2021

SEAN F. MCAVOY, CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| GREGORY L. HYDE,<br><br>                          Petitioner,<br><br>     v.<br><br>JAMES KEY, Superintendent,<br><br>                          Respondent. | NO:  2:19-CV-26-RMP<br><br>ORDER DENYING PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS |

BEFORE THE COURT is Petitioner Gregory L. Hyde's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, ECF No. 1.  Mr. Hyde challenges his confinement under a state court judgment entered for his convictions of rape in the first degree and kidnapping in the first degree.  ECF No. 12-1 at 2–3.  Petitioner asserts 34 grounds for habeas relief.  The Court has considered the petition, the record and relevant law, and is fully informed.  For the reasons set forth below, Mr. Hyde's petition is denied.  A certificate of appealability will not be issued.

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 1

# BACKGROUND

Petitioner Gregory L. Hyde, a Washington state prisoner, brings this *pro se* habeas corpus action under 28 U.S.C. § 2254. Mr. Hyde was convicted by a jury in Stevens County Superior Court of rape in the first degree and kidnapping in the first degree. ECF No. 12-1 at 2–3. On May 29, 2007, Mr. Hyde filed a *pro se* motion for a new trial under CrR 7.5. ECF No. 12-1 at 111. The motion was denied on July 11, 2007. *Id.* Mr. Hyde was sentenced to 579 months incarceration. *Id.* at 9.

## 1. Interlocutory Appeal

Mr. Hyde moved for discretionary review of the order denying Mr. Hyde's motion for a continuance issued on April 16, 2007, the morning trial commenced. ECF No. 12-1 at 71; *see id.* at 76 (Order Denying Motion for Continuance). Division III of the State of Washington Court of Appeals ("Court of Appeals") denied the motion for discretionary review. ECF No. 12-1 at 82–83. Hyde did not seek further review, and the Court of Appeals' ruling became final on July 16, 2007. ECF No. 12-1 at 93.

## 2. Direct Appeal

Mr. Hyde was sentenced in July of 2007. ECF 12-1 at 2, 9. He appealed from the judgment and sentence to the state appeals court. ECF No. 12-1 at 95–148. Mr. Hyde also filed a *pro se* Statement of Additional Grounds, as permitted under state law. ECF No. 12-1 at 180–200. On March 23, 2010, the Court of Appeals affirmed

the judgment and sentence.  ECF No. 12-1 at 58–69; *see also State v. Hyde*, No. 26315–1–III., 2010 WL 1032622 (Wash. 2010).

After the decision was issued, Mr. Hyde's appellate counsel withdrew on April 8, 2010.  ECF No. 12-1 at 204.  The state appeals court granted Hyde's motion to represent himself *pro se.*  ECF No. 12-1 at 207, 213.  Mr. Hyde moved the state appeals court to reconsider its decision affirming the judgment and sentence.  ECF No. 12-1 at 215–39.  The Court of Appeals denied the motion for reconsideration. ECF No. 12-1 at 243.

Mr. Hyde sought review by the Washington State Supreme Court.  ECF No. 12-1 at 245–320.  He presented the following issues to the Supreme Court:

1. Petitioner submits that the issue involving the right to speedy trial under CrR 3.3 is one of substantial public importance.  The Court of Appeals decision conflicts with prior decisions of the Supreme Court and Court of Appeals involving similar circumstances, and raises significant questions under both State and Federal Constitutions, warranting review under RAP 13.4(b)(1) – (4).

2. The Court of Appeals improperly held that the denial of defense's request for continuance did not violate petitioner's right to effective assistance of counsel.  This is a question of law under both the State and Federal Constitutions, and involves an issue of substantial public interest that should be determined by the Supreme Court, in that the petitioner was denied effective assistance counsel and is in conflict with prior decisions of the Supreme Court and Court of Appeals.  Review is warranted under RAP 13.4(b)(1) – (4).

3. A significant question of law under State and Federal Constitutions is involved and this petition involves an issue of substantial public interest that should be determined by the Supreme Court, in that the petitioner was denied his right to full appellate review, as set forth in RAP 13.4(b)(1) – (4).

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 3

4. The Petitioner next claims a significant question of law under both the State and Federal Constitution's is involved and this petition involves and issue of substantial public interest that should be determined by the Supreme Court in that petitioner's attorney-client privilege was violated and the Court's opinion conflicts with *State v. Cory*, *State v. Garza*, and *State v. Granaki*, and *State v. Perrow*, warranting review under RAP 13.4(b)(1) – (4) [sic].

ECF No. 12-1 at 246.  The Washington State Supreme Court denied review on January 5, 2011, and the mandate issued on January 18, 2011.  ECF No. 12-1 at 323, 325.  Mr. Hyde filed a motion to recall the mandate and for reconsideration, a motion for clarification of the order denying review, and a motion to compel his former appellate attorney to provide him with a copy of the appellate file.  ECF No. 12-1 at 327, 338, 343.  The Washington State Supreme Court denied all three motions.  ECF No. 12-1 at 351–54.  Mr. Hyde did not seek *certiorari* in the United States Supreme Court.  ECF No. 1 at 3.

## 3. Personal Restraint Petitions

On January 12, 2012, Mr. Hyde filed a post-conviction CrR 7.8 Motion to Vacate Judgment and Sentence in Stevens County Superior Court.  ECF No. 12-1 at 356–59.  However, Mr. Hyde did not file a memorandum in support of his motion until May 2, 2012, three months after the one-year deadline.  ECF No. 12-1 at 370.  On June 12, 2012, the state court transferred Mr. Hyde's CrR 7.8 motion to the Court of Appeals for consideration as a personal restraint petition.  ECF No. 12-1 at 514.

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 4

On January 18, 2012, Mr. Hyde filed a personal restraint petition in the state appeals court. *See* ECF No. 12-2; ECF No. 12-3 at 80–118 (Amended Petition).

The state appeals court later remanded the post-conviction motion to Stevens County Superior Court. ECF No. 12-3 at 199–200. Simultaneously, the Court of Appeals stayed the personal restraint petition. *Id.* The Washington Supreme Court denied Hyde's motion for discretionary review of the order remanding the post-conviction motion and staying the personal restraint petition. ECF No. 12-4 at 120–21. A certificate of finality issued on April 17, 2013. ECF No. 12-4 at 187.

On August 13, 2012, Stevens County Superior Court once again transferred the post-conviction motion to the state appeals court, and the court consolidated the post-conviction motion (Petition No. 31140-6-III) with the pending personal restraint petition (Petition No. 30564-3-III). ECF No. 12-4 at 304.

On November 29, 2017, the Court of Appeals issued an order dismissing the consolidated personal restraint petitions. ECF No. 12-1 at 23. The claims initially raised in Mr. Hyde's CrR 7.8 motion were summarily dismissed as untimely and substantively deficient. *Id.* at 52–56 ("Mr. Hyde's petition should be dismissed in its entirety as procedurally and substantively defective because he failed to file a complete adequate motion/petition sufficient to command review on the merits within the one year-year deadline in RCW 10.73.090(1).").

Hyde sought review by the Washington State Supreme Court, filing two separate motions for discretionary review; one through counsel, and one *pro se*.

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 5

ECF No. 12-8 at 232, 285.  The motion filed by counsel presented the following issue:

> Does the Acting Chief Judge's determination that the Personal Restraint Petition under Court of Appeals Cause No. 30564-3-III was frivolous constitute error within the meaning of RAP 13.5(b)?

The Commissioner of the Washington State Supreme Court denied review.  ECF No. 12-8 at 346.  The Commissioner denied counsel's motion for discretionary review on the merits.  *Id.* at 348–50.

Mr. Hyde sought discretionary review of petition No. 31140-6-III, consisting of the claims raised by Mr. Hyde in his CrR 7.8 motion, which the state appeals court dismissed as untimely and substantively defective.  The Commissioner found that the state appeals court properly dismissed the petition as untimely and Mr. Hyde had failed to establish any basis for review under RAP 13.4(b).  *Id.* at 350.

Hyde moved to modify the Commissioner's ruling.  ECF No. 12-8 at 352. The Washington State Supreme Court denied the motion to modify on October 31, 2018. ECF No. 12-8 at 365.  The state appeals court issued a certificate of finality on November 8, 2018.  ECF No. 12-8 at 367.

On January 17, 2019, Mr. Hyde filed this petition for habeas corpus relief asserting 34 grounds for relief.  *See* ECF No 1.

### STANDARD OF REVIEW

A petition for writ of habeas corpus on behalf of a prisoner in state custody is brought under 28 U.S.C. § 2254.  Relief under § 2254 is limited to "violation[s]

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 6

1    of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

2    The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs the

3    review of Mr. Hyde's claims because he filed the petition after April 24, 1996.  *See*

4    *Chein v. Shumsky*, 373 F.3d 978, 983 (9th Cir. 2004).

5    　　　A federal court may not grant relief on any claim that was adjudicated on the

6    merits in state court proceedings unless the adjudication of the claim (1) "resulted in

7    a decision that was contrary to, or involved an unreasonable application of, clearly

8    established Federal law, as determined by the Supreme Court of the United States"

9    or (2) "resulted in a decision that was based on an unreasonable determination of the

10   facts in light of the evidence presented in the State court proceeding."  28 U.S.C. §

11   2254(d).  "[F]ederal habeas corpus relief does not lie for errors of state law."  *Lewis*

12   *v. Jeffers*, 497 U.S. 764, 780 (1990).

13   　　　The petitioner "must show that the state court's ruling on the claim being

14   presented in federal court was so lacking in justification that there was an error

15   well understood and comprehended in existing law beyond any possibility for

16   fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  Under

17   this standard, the "state court's determination that a claim lacks merit precludes

18   federal habeas relief so long as 'fairminded jurists could disagree' on the

19   correctness of the state court's decision."  *Id.* at 101 (citing *Yarborough v.*

20   *Alvarado*, 541 U.S. 652, 664, (2004)).  In short, the petitioner bears the heavy

21

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 7

1  burden to show "there was no reasonable basis for the state court to deny relief."

2  *Richter*, 562 U.S. at 98.

3  <center>**DISCUSSION**</center>

4  **A.    Timeliness**

5  Respondent concedes that Mr. Hyde's federal petition is timely.  ECF No. 11

6  at 19.  The Court finds that Mr. Hyde filed his federal petition within the statute of

7  limitations.

8  **B.    Exhaustion of State Remedies**

9  Mr. Hyde presents 34 grounds for habeas corpus relief.  *See* ECF No. 1 at 6–

10 67.  Respondent contends that Mr. Hyde did not properly exhaust the following

11 grounds for relief, as numerically listed in Respondent's briefing:  4–5, 9–12, and

12 15–34.[1]  *See* ECF No. 11 at 20–23.

13 To present a claim to a federal court for review in a habeas corpus petition, a

14 petitioner first must have exhausted the remedies available in the state court.  *See*

15 28 U.S.C. § 2254(b)(1).  Claims for relief that have not been exhausted in state

16 court are not cognizable in a federal habeas corpus petition.  *James v. Borg*, 24

17 F.3d 20, 24 (9th Cir. 1994).  "The exhaustion requirement of 28 U.S.C. § 2254(b)

18 provides that each of a petitioner's claims must be properly presented to a state's

19

20 _____

21 [1] The petition contains two grounds listed as "ground nine," two grounds listed as "ground four," and the petition omits a "ground thirty-one."

1    highest court prior to habeas review by a federal district court." *Beagles v. Miller-*

2    *Stout*, 18 F. App'x 567, 567–68 (9th Cir. 2001).

3        Upon reviewing the record, the Court agrees that Mr. Hyde has not

4    exhausted the remedies available to him in state court with respect to claims 4–5,

5    9–12, and 15–34, as numbered in Respondent's briefing.  To the extent that Hyde

6    raised these claims in his *pro se* CrR 7.8 motion, which was transferred to the state

7    appeals court for review as a personal restraint petition, the Washington State

8    Supreme Court expressly affirmed dismissal of the petition as untimely under state

9    law.  ECF No. 12-8 at 350 (Commissioner's Ruling Denying Review); *see also*

10   RCW 10.73.090 (barring a collateral challenge filed more than one year after the

11   issuance of the mandate).  Accordingly, these claims are procedurally barred and

12   are not cognizable in federal court absent a showing of cause and prejudice.

13   *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

14       To show "cause," the petitioner must prove an external factor prevented the

15   proper exhaustion of the claim.  *Id.* at 753.  "The fact that [a petitioner] did not

16   present an available claim or that he chose to pursue other claims does not

17   establish cause." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996).

18   Hyde does not argue nor does the record suggest that an external factor caused this

19   procedural default.  Consequently, Hyde cannot show cause and prejudice to

20   excuse default.  Therefore, the Court dismisses Mr. Hyde's claims listed as number

21   4–5, 9–12, and 15–34 in Respondent's briefing with prejudice.

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 9

The Court will only consider the merits of the following grounds for relief which have been properly exhausted by presentation to the Washington State Supreme Court:

1.    **Ground One**:  Due process and equal protection right to a first appeal violated due to attorney abandonment and/or ineffective counsel on direct appeal.

2.    **Ground Two**: Due process and equal protection violated because Hyde was denied his right to a first appeal on the issues raised in his Statement of Additional Grounds (SAG).

3.    **Ground Three**: Hyde's due process and equal protection right to a first review on the order denying new trial was violated because Hyde was never afforded the appeal.

6.    **Ground Six**:  Due Process and Sixth Amendment right violated because jail guards seized, photocopied, retained, and surrendered to the prosecutor's office privileged communications Hyde had sent to his trial attorney through the jail's established legal mail system.

7.    **Ground Seven**:  Hyde's due process and equal protection right to control his defense violated because the trial court compelled Hyde to undergo a mental health evaluation as to sanity in spite of Hyde's expressed waiver of the defense.

8.    **Ground Eight**: Due process and equal protection right to counsel violated because Hyde was compelled to proceed to trial with defective counsel.

13.    **Ground Twelve**:  Due Process and Equal Protection right to a speedy trial secured under the Sixth Amendment violated because Hyde's trial was delayed over 20 months to cure a judicial error.

14.    **Ground Thirteen**:  The trial court's application of Washington's speedy trial rule violated due process and equal protection because it arbitrarily deprived Hyde of his expectation and entitlement to release.

ECF No. 11 at 20–21.

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 10

## C.    Evidentiary Hearing

Mr. Hyde requests that the Court "order a fact hearing on the allegations set forth" in his petition.  ECF No. 1 at 72.  A district court may rule on a habeas petition without an evidentiary hearing if the "issues [ ] can be resolved by reference to the state court record."  *Totten v. Merkie*, 137 F.3d 1172, 1176 (9th Cir. 1998).  Here, the state court record is sufficient to resolve Mr. Hyde's claims without an evidentiary hearing.  *See* ECF No. 12.

## D.    Merits of Mr. Hyde's Claims for Relief

The Court next considers the merits of Mr. Hyde's petition.  Mr. Hyde presents the following three grounds for relief related to the direct appeal:

> **Ground One**:  Due process and equal protection right to a first appeal violated due to attorney abandonment and/or ineffective counsel on direct appeal.

> **Ground Two**:  Due Process and equal protection violated because Hyde was denied his right to a first appeal on the issues raised in his Statement of Additional Grounds (SAG).

> **Ground Three**:  Hyde's due process and equal protection right to a first review on the order denying new trial was violated because Hyde was never afforded the appeal.

ECF No. 1 at 6, 8, 9.  Respondent asserts that the state court did not unreasonably apply clearly established federal law in rejecting these claims.  ECF No. 11 at 67.

An appellate process satisfies due process and equal protection if it provides "a criminal appellant pursuing a first appeal as of right [the] minimum safeguards

necessary to make that appeal 'adequate and effective.'" *Evitts v. Lucey*, 469 U.S. 387, 392 (1985) (citing *Griffin v. Illinois*, 351 U.S. 12, 20 (1956)).

**Ground One:  Abandonment and Ineffectiveness of Appellate Counsel**

Mr. Hyde alleges that appellate counsel abandoned him on appeal.  ECF No. 1 at 6.  Counsel for Mr. Hyde filed an opening brief and a reply brief and raised significant issues under state and federal law.  ECF No. 12-1 at 96, 172.  Counsel represented Hyde until the state appeals court issued an opinion on March 23, 2010, affirming the judgment and sentence.  Counsel withdrew from representation on April 8, 2010, after the state appeals court issued its opinion, and Mr. Hyde subsequently moved to proceed *pro se*.  ECF No. 12-1 at 58, 204, 207.

The Supreme Court has held that neither the Due Process Clause nor the Equal Protection Clause requires a state to provide indigent defendants with counsel on their discretionary appeal to the State Supreme Court.  *Ross v. Moffitt*, 417 U.S. 600, 610 (1974); *see also Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").  The allegation that counsel abandoned Mr. Hyde on [direct] appeal is not supported by the record, and even if counsel had "abandoned" Mr. Hyde with respect to his discretionary appeal to the State Supreme Court, this was not in violation of clearly established federal law.  *See Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) ("[A] criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals").

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 12

Mr. Hyde also alleges that appellate counsel provided ineffective assistance on direct appeal. ECF No. 1 at 6.

The Supreme Court has held that an indigent defendant pursuing a first appeal as of right has a Fourteenth Amendment right to appointed counsel. *Halbert v. Michigan*, 545 U.S. 605, 610 (2005). The due process right to appellate counsel also includes the right to the effective assistance of appellate counsel. *Evitts*, 469 U.S. at 397. The Court reviews claims of ineffective assistance of appellate counsel according to the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

A defendant claiming ineffective assistance of counsel must show that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) defendant suffered prejudice from counsel's alleged errors. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (citing *Strickland*, 466 U.S. at 688). The Court owes a high level of deference to state court adjudication of claims of ineffective assistance of counsel. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003) (per curiam).

In reviewing Mr. Hyde's personal restraint petition, the Court of Appeals correctly applied the federal *Strickland* standard in analyzing appellate counsel's performance. ECF No. 12-1 at 33–34. The state appeals court rejected Hyde's argument that the court should presume prejudice based on appellate counsel's alleged errors, relying upon *In re Pers. Restraint of Frampton*, 45 Wn.App. 554,

562, 726 P.2d 486, 490 (Wash. App. 1986) (appellate counsel's failure to submit brief on any guilt phase issue in death penalty case was "tantamount to a denial of his right to appeal his conviction," and thus prejudicial per se).  ECF No. 12-1 at 34–36; *see also Penson v. Ohio*, 488 U.S. 75, 88–89 (1988) (holding that where a defendant has been actually or constructively denied the assistance of appellate counsel altogether, prejudice is presumed).  The state appeals court also determined that Mr. Hyde had failed to show how the outcome would have differed but for appellate counsel's performance and omissions with respect to the following issues:  (a) the right to speedy trial; (b) attorney-client privilege; (c) denial of the motion to continue; (d) ineffective assistance of counsel; and (e) the motion for a new trial.  ECF No. 12-1 at 36–49.

The Court finds that the state appeals court correctly and reasonably applied the *Strickland* standard in denying Mr. Hyde's ineffective assistance of counsel claim.  *See Strickland*, 466 U.S. at 688.  Mr. Hyde was not actually or constructively denied the assistance of appellate counsel, and appellate counsel's performance was not tantamount to a denial of representation.  Thus, Mr. Hyde was required to show that he suffered prejudice on account of counsel's performance, and the state appeals court reasonably concluded that Hyde had failed to do so.  Accordingly, Mr. Hyde's first ground for relief is denied.

**Ground Two:  Statement of Additional Grounds**

Mr. Hyde alleges that the state courts denied him of his right to a first appeal on the issues raised in his *pro se* statement of additional grounds by recharacterizing his arguments as a speedy trial claim.  ECF Nos. 1 at 8, 12-1 at 180–200.  In his statement of additional grounds, Hyde argued that the trial court erred in ordering he undergo sanity/competency evaluations because Hyde had not asserted an insanity defense.  *See id*.  Respondent contends that Hyde is not entitled to relief because this claim raises a mere issue of state law; but even if the claim rests upon federal law, the state court's adjudication of the claim was not contrary to or an unreasonable application of such law.  ECF No. 11 at 44.

Pursuant to Washington Rule of Appellate Procedure (RAP) 10.10, "[i]n a criminal case on direct appeal, the defendant may file a *pro se* statement of additional grounds for review to identify and discuss those matters related to the decision under review that the defendant believes have not been adequately addressed by the brief filed by the defendant's counsel."  "[T]he appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors."  RAP 10.10(c).

The Court agrees with Respondent that this ground for relief raises an issue of state law.  *Jeffers*, 497 U.S. at 780 ("[F]ederal habeas corpus relief does not lie for errors of state law."); *see also Cencich v. Miller-Stout,* No. 10-5164 BHS/KLS,

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 15

1    2012 WL 4411864, at *23 (W.D. Wash. Sept. 6, 2012), *report and*

2    *recommendation adopted*, No. C10-5164 BHS, 2012 WL 4413608 (W.D. Wash.

3    Sept. 25, 2012) (finding petitioner was not entitled to relief where state appeals

4    court declined to consider several issues in Petitioner's non-conforming statement

5    because "even if [Petitioner] could show that his ability to pursue his appeal pro se

6    had somehow been hampered, there is no constitutional violation under clearly

7    established federal law."); *see also Martinez v. Court of Appeal of Cal., Fourth*

8    *Appellate Dist.*, 528 U.S. 152, 161, 163–64 (2000) (declining to recognize a

9    constitutional right of self-representation on direct appeal from a criminal

10   conviction).

11        Even if there was a clearly established federal law, the state appeals court

12   considered the issues raised in Mr. Hyde's statement of additional grounds in light

13   of the undisputed facts in the record.  *See* ECF No. 12-1 at 68 ("Based on our

14   record, Mr. Hyde consented to these evaluations which tolled the expiration of the

15   speedy trial time); *see also* ECF No. 12-1 at 50–51 ("The court's resolution of

16   Hyde's SAG obviated his remaining arguments and pointed him to his available

17   remedy. . . this court did not improperly recast Hyde's argument or deny his right

18   to appeal.").  Such consideration does not amount to a denial of the right to first

19   appeal, and the state appeals court's conclusion was not based on an unreasonable

20   determination of the facts.  ECF No. 12-1 at 68.

21

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 16

1    Accordingly, Mr. Hyde's second ground for relief related to the *pro se*

2  statement of additional grounds is denied.

3  **Ground 3: Appeal from Denial of Motion for New Trial**

4    Mr. Hyde alleges that he was not afforded the right to a direct appeal of the

5  state court's order denying his CrR 7.5 motion for a new trial in violation of his

6  due process and equal protection rights.  ECF No. 1 at 9–10.

7    In his personal restraint petition, Hyde argued that he had relied on

8  representations from counsel and the trial court that the appeal had been perfected

9  to include the denial of his motion for a new trial; however, appellate counsel did

10  not include briefing on the issue.  ECF No. 12-1 at 51.  Hyde further argued that

11  "the State cannot show that he validly waived the issue." *Id.*  The state appeals

12  court rejected Hyde's reliance on *State v. Kells*, 134 Wn.2d 309, 949 P.3d 818

13  (1998), and *State v. Tomal*, 133 Wn.2d 985, 948 P.2d 833 (1997) to support

14  Hyde's contention that he was entitled to a direct appeal on the issue, because

15  "those cases do not pertain to particular issues not raised in an appeal, such as Mr.

16  Hyde's, that timely proceeded in due course."  ECF No. 12-1 at 51.

17    The Court agrees with Respondents that there is no federal law that

18  establishes a constitutional right to a separate appeal as of right for a pre-judgment

19  order.  *See* ECF No. 1 at 9 ("By operation of Washington law . . . "); *see McKane*

20  *v. Durston*, 153 U.S. 684, 688 (1894) ("[W]hether an appeal should be allowed,

21  and if so, under what circumstances or on what conditions, are matters for each

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 17

1   State to determine itself."); *see also* Wash. Const., Art. I, § 22 (state constitutional

2   right of a criminal defendant to appeal a conviction).

3       Furthermore, as observed by the state appeals court, "My Hyde was not

4   denied the right of appeal from his convictions" and despite the inadvertent or

5   purposeful omission of briefing on the denial of Hyde's motion for a new trial,

6   appellate counsel "raised legal issues that, if successful, would have resulted in

7   reversal and dismissal, or at least a new trial." ECF No. 12-1 at 35. Thus, the

8   omission of briefing on the denial of the CrR 7.5 motion was neither "tantamount"

9   to a denial of his right to appeal his conviction nor so egregious as to deprive Mr.

10  Hyde of an "adequate and effective" appeal. *Griffin*, 351 U.S. at 20.

11      To the extent that Hyde argues that appellate counsel was ineffective by not

12  submitting briefing on the trial court's denial of the CrR 7.5 motion, the state

13  appeals court reasonably applied the *Strickland* standard in denying Hyde's

14  ineffective assistance of counsel claim asserted in his personal restraint petition.

15  ECF No. 12-1 at 49 ("[Hyde] makes no attempt in this petition to argue the merits

16  of the new trial issue and thus fails to show any error by the trial court or prejudice

17  attributable to appellate counsel's performance."). ECF No. 12-1 at 49.

18      Accordingly, Mr. Hyde is not entitled to federal habeas relief based on

19  ground three alleging the denial of the right to a direct appeal of the trial court's

20  denial of the CrR 7.5 motion.

21

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 18

**Ground 6: Attorney-Client Privilege**

Mr. Hyde alleges that his due process and Sixth Amendment rights were violated when "jail guards allegedly seized, photocopied, retained, and surrendered to the prosecutor's office privileged communications [that] Hyde had sent to his trial attorney through the jails established legal mail system." ECF No. 1 at 15. Respondent argues that whether the privilege covers a document is a matter of state law, and no Supreme Court decision holds that an intrusion into the privilege violates the Constitution. ECF No. 11 at 49.

"Standing alone, the attorney-client privilege is merely a rule of evidence; it has not yet been held a constitutional right." *Clutchette v. Rushen*, 770 F.2d 1469, 1471 (9th Cir. 1985). "In some situations, however, government interference with the confidential relationship between a defendant and his counsel may implicate Sixth Amendment rights." *Id.* (citing *Weatherford v. Bursey*, 429 U.S. 545 (1977)) (finding no denial of the right to counsel where undercover government agent attended meetings between defendant and his attorney at the defendant's invitation). "[A]n intrusion violates the Sixth Amendment only when it substantially prejudices the defendant." *Clutchette*, 770 F.2d at 1471.

On appeal, Mr. Hyde challenged the trial court's denial of his CrR 8.3 motion to dismiss, contending that the State violated his attorney-client privilege providing copies of his kites to trial counsel, Eastern State Hospital ("ESH"), and eventually to the prosecutor. ECF No. 12-1 at 61.

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 19

1       In rejecting Mr. Hyde's argument that the trial court abused its discretion in

2   denying the motion to dismiss, the state court of appeals reasoned:

3           Unlike the facts in *Cory*,[2] the unchallenged findings of fact show Mr. Hyde
        knew he could write to his attorney in a confidential manner by sending his
4       communication in a sealed envelope.  He chose instead to use the kite
        method.  He then requested the kites be copied by jail staff.  And, defense
5       counsel later gave permission for the kites to be provided to [Eastern State
        Hospital] and subsequently the prosecutor.  Thus, Mr. Hyde failed to
6       establish governmental misconduct entitling him to CrR 8.3(b).

7   *Id.* at 65.

8       The Court finds that Hyde's sixth ground for relief should be denied for two

9   reasons.  First, other district courts agree that there is no federal law holding that an

10  intrusion into the privilege violates the Constitution.  *See*, *e.g.*, *Winchester v.*

11  *Obenland*, No. C17-1136-RSL-MLP, 2019 WL 5597879, at *6 (W.D. Wash. June

12  18, 2019) (denying habeas relief where Petitioner asserted that the State

13  intentionally violated the attorney-client privilege by seizing documents covered

14  by the privilege), *report and recommendation adopted*, No. C17-1136-RSL, 2019

15  WL 5593016 (W.D. Wash. Oct. 30, 2019), *aff'd*, 829 F. App'x. 220 (9th Cir.

16  2020).

17      Second, the unchallenged findings of fact show that "the state did not

18  deliberately intrude into [Hyde's] privileged relationship with his attorney."

19

20  [2] *State v. Cory*, 62 Wn.2d 371, 377, 382 P.2d 1019, 1023 (1963) (finding violation
    of the right to counsel where sheriff's office's secretly installed microphone in
21  private jail room where Mr. Cory met with his attorney).

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 20

1    *Clutchette*, 770 F.2d at 1472; *see* ECF No. 12-1 at 60 ("The jail chief was clear that

2    permission was first obtained by Mr. Wasson prior to letting ESH and the

3    prosecutor review the kites.").  Furthermore, in evaluating the trial court's

4    dismissal of Hyde's CrR 8.3 motion, the state appeals court noted that Hyde

5    "fail[ed] to show how use of the kites 'materially affected' his right to a fair trial."

6    ECF No. 12-1 at 65.

7        Accordingly, Mr. Hyde's contentions with respect to an intrusion of the

8    attorney-client relationship do not provide a basis for federal habeas relief and

9    Hyde's sixth ground for relief is denied.

10   **Ground 7:  Competency Evaluation**

11       Mr. Hyde claims that his "due process and equal protection rights to control

12   his defense" were violated "because the trial court compelled Hyde to undergo a

13   mental health evaluation as to sanity in spite of Hyde's expressed waiver of the

14   defense."  ECF No. 1 at 16–17.

15       "A criminal defendant may not be tried unless he is competent."  *Godinez v.*

16   *Moran*, 509 U.S. 389, 396 (1993) (citing *Pate v. Robinson*, 383 U.S. 375, 378

17   (1966)).  The standard  for competence to stand trial is whether the defendant has

18   "sufficient present ability to consult with his lawyer with a reasonable degree of

19   rational understanding" and has "a rational as well as factual understanding of the

20   proceedings against him."  *Dusky v. United States*, 362 U.S. 402, 402 (1960)).  "If

21   a state trial court does not employ procedures designed to protect against the trial

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 21

1    of an incompetent, the resultant conviction must be reversed." *Hernandez v. Ylst*,

2    930 F.2d 714, 716 (9th Cir. 1991) (citing *Pate*, 383 U.S. at 386–87).

3         The relevant facts, as stated by the state appeals court, are as follows:

4        On January 18, 2006, defense counsel, Paul Wasson, presented a proposed
     agreed order for an examination of Mr. Hyde at Eastern State Hospital

5    (ESH). The court inadvertently checked the box related to a sanity
     evaluation instead of a competency evaluation on the order. The Judge

6    however "clearly understood that there was an issue of the defendant's
     competency to stand trial."

7
     ESH's evaluation report was filed in August 2006. Then, the court realized

8    the original order for evaluation had not included a request for evaluation as
     to competency to stand trial. On September 27, 2006, another proposed

9    agreed order was presented by Mr. Wasson. Since competency was not
     addressed in ESH's first evaluation, another order for evaluation was

10   necessary. On November 6, 2006, Mr. Wasson again presented a proposed
     agreed order for mental health evaluation as to competency. The exam was

11   to take place at ESH. This order stayed further proceedings pending the
     entry of an order of competency.

12
     On January 16, 2007, the court appointed new counsel for My Hyde, Robert

13   Simeone. The court granted Mr. Simeone's request for time to discuss the
     competency issue with Mr. Hyde. Although on January 24, Mr. Simeone

14   requested additional competency evaluations, on March 19, 2007, he
     withdrew all defense related to competency. On March 26, 2007, the court

15   entered an order of competency; speedy trial expiration date was now April
     16, 2007.

16
     ECF No. 12-1 at 59–60.

17
          In his statement of additional grounds for review, Mr. Hyde argued that he

18
19   did not consent to a sanity or competency evaluation and was forced to cooperate

20   with the evaluations and make disclosures about his background and mental

21   capacity before the stay of proceedings would be lifted. ECF No. 12-1 at 50, 68.

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 22

Based on the record before the state appeals court, the court found that "Mr. Hyde consented to these evaluations which tolled the expiration of the speedy trial time." *Id.*

Regardless of Mr. Hyde's alleged waiver of an insanity defense, due process required the Superior Court to determine Mr. Hyde's competency to stand trial. "Once a judge, defense counsel, or prosecutor raises doubt about a criminal defendant's legal competency, the court must order an evaluation." *Trueblood v. Wash. State Dep't of Social and Health Servs.*, 822 F.3d 1037, 1040 (9th Cir. 2016) (citing Wash. Rev. Code. § 10.77.060(1)(a)). The state appeals court reasonably concluded, under federal principles, that the trial court acted in accordance with due process in ordering a competency evaluation.

Accordingly, Mr. Hyde's seventh ground for relief with respect to competency evaluations does not provide a basis for federal habeas relief and is denied.

**Ground 8:  Denial of Continuance**

Mr. Hyde claims that his due process and equal protection rights were violated because he was allegedly "compelled to proceed to trial with defective counsel." ECF No. 1 at 18–19.

"Broad discretion must be granted trial courts on matters of continuances." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). "Only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay'

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 23

1    violates the right to the assistance of counsel." *Id.* at 11–12 (quoting *Ungar v.*

2    *Sarafite*, 376 U.S. 575, 589 (1964)).

3        The relevant facts are as follows:

4        On January 16, 2007, the court appointed new counsel for Mr. Hyde, Robert
         Simeone. The court granted Mr. Simeone's request for time to discuss the

5        competency issue with Mr. Hyde. Although on January 24, Mr. Simeone
         requested additional competency evaluations, on March 19, 2007, he

6        withdrew all defenses related to competency. On March 26, 2007, the court
         entered an order of competency; speedy trial expiration date was now April

7        16, 2007. The court set trial for April 16, 2007.

8        On April 13, 2007, Mr. Hyde requested a continuance so counsel could
         better prepare for trial, and agreed to waive his speedy trial argument if the

9        continuance was granted. The continuance motion was also heard and
         denied on April 16. Mr. Hyde requested discretionary review of the trial

10       court's denial of his continuance request. A commissioner of this court
         stayed the proceedings pending a decision. Ultimately, discretionary review

11       was denied. Trial began on May 10, 2007.

12   ECF No. 12-1 at 60; *see also* ECF No. 12-1 at 82–83 (Commissioner's Ruling).

13       In rejecting the issue on appeal, the state appeals court reviewed the denial

14   of Hyde's continuance request for abuse of discretion. ECF No. 12-1 at 67.

15   Although Mr. Simeone was appointed later in the trial court proceedings, he had

16   almost four months to prepare for trial. ECF No. 12-1 at 67. The state appeals

17   court further rejected Mr. Hyde's argument that Mr. Simeone's unpreparedness

18   resulted in counsel's failures to timely designate an expert witness and object to

19   hearsay and damaging testimony. *Id.* Moreover, Mr. Hyde failed to persuade the

20   Court of Appeals that, but for trial counsel's performance, "the outcome of the trial

21   would have been any different given the evidence of guilt against Mr. Hyde." *Id.*

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 24

1    at 68.  "Given all, Mr. Hyde has failed to show how he was denied effective

2    assistance of counsel based on the trial court's refusal to grant a defense-requested

3    continuance."  *Id.*

4         Here, Hyde has failed to show that the state court adjudication of this issue

5    was an unreasonable application of clearly established federal law or was based on

6    an unreasonable determination of the facts.  The state appeals court reasonably

7    rejected the claim because Hyde did not show that the trial court's denial of a

8    continuance was so arbitrary as to violate the right to the assistance of counsel.

9         Accordingly, Mr. Hyde's eighth ground for relief is denied.

10   **Ground Twelve & Thirteen:  Speedy Trial Claims**

11        Mr. Hyde claims that his due process and equal protection rights were

12   violated because Mr. Hyde's trial was delayed over 20 months to cure a judicial

13   error and the trial court's application of Washington's Speedy Trial Act arbitrarily

14   deprived Hyde of his expectation and entitlement to release.  ECF No. 1 at 28–30.

15   Respondent argues that Hyde's claim with respect to Washington's Speedy Trial

16   Act fails because it raises a mere issue of state law.  *Jeffers*, 497 U.S. at 780.

17   Furthermore, Respondent argues that Hyde cannot show a Sixth Amendment

18   violation under federal law.  ECF No. 11 at 58.

19        The Sixth Amendment provides that "[i]n all criminal prosecutions, the

20   accused shall enjoy the right to a speedy and public trial . . . ."  U.S. Const. amend.

21   VI.  "The speedy trial guarantee is designed to minimize the possibility of lengthy

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 25

incarceration prior to trial . . . and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8 (1982). "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances." *Barker v. Wingo*, 407 U.S. 514, 522 (1972) (quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905)).

The Supreme Court has identified the following four factors which courts should assess in determining whether a particular defendant has been deprived of his right to speedy trial:  (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *Barker*, 407 U.S. at 530. The factors "must be considered together with such other circumstances as may be relevant." *Id.* at 533.

In the initial agreed order for competency evaluation entered on January 18, 2006, the court inadvertently checked the box related to a sanity evaluation. The order did, however, expressly stay the action "during this examination period and until this Court enters an order finding the Defendant to be competent to proceed." ECF No. 12-1 at 36. Since competency was not addressed in Eastern State Hospital's first evaluation, another order for evaluation was necessary and an agreed-upon order was entered on November 6, 2006. ECF No. 12-1 at 59–60. On March 26, 2007, the trial court entered an order of competency. *Id.* at 60.

//

//

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 26

The state of appeals court reasonably applied the *Barker* factors to the facts of the record in determining that Mr. Hyde's speedy trial rights under both state and federal law were not violated by the delays:

> Based on our record, speedy trial time was tolled to determine whether Mr. Hyde was deemed competent to stand trial. While competency was not initially checked on the evaluation order that oversight was corrected in a subsequent order per the court's unchallenged findings of fact. The delay was necessary to ensure Mr. Hyde understood the nature of the charges and was competent to stand trial and assist in the nature of his defense as required by our State. *State v. Hahn*, 106 Wn.2d 885, 894, 726 P.2d 25 (1986). It is clear from the trial court's unchallenged findings of fact that the court correctly concluded that Mr. Hyde's right to speedy trial had not been violated under either CrR 3.3 or the United States or Washington Constitutions. 'The constitution guarantees a fair trial, not a perfect trial.' *State v. Ingle*, 64 Wn.2d 491, 499, 392 P.2d 442 (1964). The facts in the record show that occurred here.

ECF No. 12-1 at 63–64.

In rejecting Hyde's ineffective assistance of counsel claim raised in his personal restraint petition, the state court of appeals stated:

> Again, the findings establish that the January 18, 2006 order was agreed and intended by the parties for Hyde to undergo a competency evaluation at ESH. The speedy trial time still tolled during the delay attributable to the trial court's oversight in checking the wrong box, and that the delay necessary to ensure Hyde's competency did not violate his speedy trial rights.

ECF No. 12-1 at 38–39.

The Court finds that Mr. Hyde has not met his burden of demonstrating that the state appeal court unreasonably applied the *Barker* factors in concluding that Mr. Hyde was not deprived of his speedy trial rights because the delay was

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 27

necessary to ensure that he was competent to stand trial. *Barker*, 407 U.S. at 533.

Since the state court reasonably applied federal law to Mr. Hyde's speedy trial

claim, he is not entitled to habeas relief based upon grounds twelve and thirteen.

## CONCLUSION

The Court finds nothing in the record to support that the state appeals court's

adjudication of the issues was contrary to, or an unreasonable application of,

established Supreme Court authority, or was an unreasonable determination of the

facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)-(2).

Having found that Mr. Hyde has failed to show that he is entitled to federal habeas

relief on grounds 1, 2, 3, 6, 7, 8, 12 and 13, and has failed to exhaust the remedies

available in state court on the remaining grounds for relief, Mr. Hyde's petition

under 28 U.S.C. § 2254 must be denied.

An appeal of this Order may not be taken unless a circuit judge or district

judge issues a certificate of appealability. 28 U.S.C. § 2253. A district court may

only issue a certificate of appealability "if the applicant has made a substantial

showing of the denial of a constitutional right." *Id.* The Court finds that that

pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken

in good faith; thus, there is no basis upon which to issue a certificate of

appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

//

//

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS ~ 28

Accordingly, **IT IS HEREBY ORDERED**:

1.      Petitioner Gregory Hyde's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, **ECF No. 1**, is **DENIED**.

2.      The Petition is **DISMISSED WITH PREJUDICE**.

3.      **JUDGMENT** shall be entered for Respondent.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel and Mr. Hyde, and **close the file**.  A certificate of appealability will not be issued as there is no basis that this Court identifies for a valid appeal.

**DATED** April 15, 2021.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING PETITON UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS ~ 29